[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15202
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00514-AKK-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDALL ADAM HESTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 1, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Kendall Hester appeals his convictions and sentences for receiving child pornography (Count 1), in violation of 18 U.S.C. § 2252A(a)(2), distributing child pornography (Count 2), in violation of 18 U.S.C. § 2252A(a)(2), and possessing child pornography involving a minor who had not attained 12 years of age (Count 3), in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  On appeal, Hester challenges: (1) the denial of his motion to suppress his statements to law enforcement agents; (2) the sufficiency of the evidence to support his convictions; and (3) the substantive reasonableness of his 240-month total sentence.  After review, we affirm.

## I.  MOTION TO SUPPRESS

The district court did not err in denying Hester's motion to suppress.[1] Hester moved to suppress all statements he made after he was detained by law enforcement agents during the execution of a search warrant at his residence. Hester claimed, inter alia, that agents continued questioning him after he requested an attorney.[2]

---

[1]With respect to motions to suppress, this Court reviews the district court's fact findings for clear error and its application of the law to the facts de novo.  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).  In reviewing the ruling, we construe the facts in the light most favorable to the prevailing party.  Id.

[2]Hester also argued that his statements to the agents were involuntary because he was intoxicated at the time.  The district court discredited Hester as to his intoxication, and Hester does not raise this claim on appeal.

2

Although Hester testified at the suppression hearing that he repeatedly told the agents he wanted an attorney, the district court found that Hester did not request an attorney. The district court instead credited the testimony of three Alabama Bureau of Investigation ("ABI") Special Agents Darryl Ott, Katherine Stewart, and Thomas Whitten, all of whom were present during the search, as follows:

> With regard to the defendant's claim that he requested an attorney, three different agents testified that they never heard the defendant make such a request. While he claims to have been awakened by an agent armed with a shotgun pointed at him, Special Agent Whitten testified that there was no shotgun present in the residence because ABI does not use them in residential searches. Furthermore, Hester signed a *Miranda* waiver form before he was questioned and later signed a plea agreement [that was later withdrawn] wherein he admitted that, on the date of the search of his residence, he was advised of his *Miranda* rights, waived said rights, and agreed to voluntarily speak with law enforcement. In addition, the only other witness who could have corroborated Hester's claims was his girlfriend, who [was present inside the residence during the search but] was not called as a witness.]

The district court's fact finding is supported by the testimony of the three ABI agents. According to the agents' credited testimony, Hester signed a form waiving his Miranda rights and then gave at least two written statements, one to Agent Ott and another to Agent Stewart. Hester never asked the agents for an attorney during their interactions. The district court's decision to credit the agents' testimony over Hester's testimony was "within the province of the factfinder," and Hester has not shown clear error in the district court's credibility determination.

3

See United States v. Cavallo, 790 F.3d 1202, 1227 (11th Cir. 2015) (explaining that we will reverse a credibility finding only if the testimony "is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." (quotation marks omitted)).

## II. Sufficiency of the Evidence

On appeal, Hester does not dispute that the laptop and CDs found in his home contained child pornography depicting prepubescent minors or minors less than 12 years old, that the government downloaded child pornography from his laptop using peer-to-peer software, or that the child pornography on the laptop and the CDs was received, distributed, and possessed using facilities in interstate commerce. Rather Hester argues only that the government failed to prove that it was he, rather than someone else, who knowingly received, possessed, and distributed the child pornography.[3]

The government, however, presented ample evidence that Hester was the person who knowingly received, possessed, and distributed the child pornography, as charged in the indictment. The laptop and the CDs containing child pornography were all found in Hester's bedroom. Hester then admitted to agents that the laptop belonged to him. Hester also admitted: (1) searching for child

---

[3]This Court reviews de novo the sufficiency of the evidence to support a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Boffil-Rivera, 607 F.3d 736, 740 (11th Cir. 2010).

pornography using the search term "pthc," which he knew meant "preteen hardcore"; (2) downloading child pornography onto his laptop using Shareaza, peer-to-peer file-sharing software, and then moving the files to a separate folder; and (3) possibly storing some of the child pornography on CDs.

Corroborating Hester's admissions, Agent Whitten testified, based on his forensic examination of Hester's laptop and the CDs, that: (1) Shareaza was installed on the laptop and was used to find child pornography using the search term "pthc"; (2) child pornography files were downloaded using Shareaza and moved from the downloads folder to other folders; and (3) child pornography videos on the CDs were played on the laptop using a media player program. Further, Agent Stewart testified that as part of her investigation she successfully downloaded child pornography videos from the shared folder on Hester's laptop using Shareaza, and Agent Whitten testified that, given the process necessary to install Shareaza, Hester would have known he was sharing files from particular folders.

Finally, Gus Dimitrelos, the government's expert witness in computer forensics, testified that he had no doubt that Hester was the person who used the laptop to download and share child pornography. Dimitrelos based his expert opinion on the "digital evidence," the physical evidence of the hard drives and the computers found in Hester's home, and Hester's statements. With respect to the

5

digital evidence, Dimitrelos pointed to finding "digital sandwiches" on Hester's hard drive showing that Hester engaged in other activities (such as storing pictures of himself) just before and after accessing images of child pornography. Dimitrelos further explained that he found no evidence that a virus, a remote operator, or a person other than Hester was responsible for the child pornography found on Hester's laptop.

Contrary to Hester's contention, Dimitrelos's testimony was not incredible as a matter of law. That is, Dimitrelos did not testify to facts that he could not possibly have observed or that could not have occurred under the laws of nature.[4] See United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985). Rather, Dimitrelos testified as an expert witness about his opinions based on all the evidence in the case, including the digital evidence revealed from the forensic evaluation and Hester's statements. In sum, the government's trial evidence was more than sufficient for a reasonable jury to conclude beyond a reasonable doubt that Hester was the person who received, possessed, and distributed the child pornography found on his laptop. See United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013) (explaining that a jury's verdict "cannot be overturned if any

---

[4]In the portion of his counseled brief devoted to the sufficiency of the evidence, Hester makes passing references to the district court's failure to exclude Dimitrelos's expert testimony or to instruct the jury to disregard Dimitrelos's expert testimony, but he offers no meaningful argument as to these claims. Accordingly, these claims are abandoned. See United States v. Woods, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (explaining that a defendant abandons an issue when he merely makes a passing reference in his brief and fails to develop any argument with respect to an alleged error).

reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt").

### III.  SUBSTANTIVE REASONABLENESS

Finally, Hester has not shown that his 240-month total sentence, 22 months below his advisory guidelines range of 262 to 327 months' imprisonment, is substantively unreasonable.[5]  This Court reviews the substantive reasonableness of a sentence under a deferential abuse of discretion standard of review.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party who challenges the sentence bears the burden to show that the sentence is substantively unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).[6]

Hester's only reasonableness argument is a Kimbrough[7]-type argument.  Specifically, Hester contends the district court was required to vary further downward because the child pornography guidelines used to calculate his advisory

---

[5]Hester does not argue that his sentence is procedurally unreasonable or raise any procedural error as to his sentencing.

[6]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

[7]Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007).

guidelines range are not supported by empirical evidence.  This Court, however, already addressed the argument Hester now makes and concluded that the district court has the discretion to consider a <u>Kimbrough</u>-type challenge to the child pornography guidelines, but is not required to vary downward based on those arguments.  <u>See</u> <u>United States v. Cubero</u>, 754 F.3d 888, 898-900 (11th Cir. 2014).

Here, the district court listened to Hester's extensive argument about criticisms of the child pornography guidelines.  The district court denied Hester's request for a variance based on those criticisms, but concluded that a downward variance was warranted based on Hester's history and family support.  The district court noted, however, that it could not "overlook the severity of the conduct."  The district court stated that it had considered the § 3553(a) factors and highlighted the nature and circumstances of Hester's offenses, which it found were egregious.  The district court further found, due to the type of material Hester possessed, that Hester's case was not a "normal" possession of child pornography case.  We note that Hester's laptop and CDs contained 342 videos of child pornography, some involving very young children, children being raped, and other sadomasochistic conduct and that Hester not only sought out and possessed these videos, he also shared them with others using a peer-to-peer file-sharing program.  The district court also stated that the 240-month sentence was needed to afford adequate deterrence and protect the public from further crimes by Hester.

8

In light of the record and the § 3553(a) factors, we cannot say the district court abused its discretion when it declined to vary any further downward.

**AFFIRMED.**